PEOPLE, PLAINTIFF AND APPELLEE, v. VÁZQUEZ, DEFENDANT AND
APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in
a Prosecution for Adulterating Milk.

No. 1217.—Decided December 11, 1917.

ADULTERATION OF MILK—INTENT—LAWFUL STANDARD.—The knowledge or inten-
tion or the source of the milk makes no difference if the defendant is selling
or offering for sale or permitting the sale of diluted milk, and it is an of-
fense to sell milk that is diluted even if the resultant mixture exceeds the
standard. The standard is a measure below which the milk must not fall,
but adulteration or dilution is punished absolutely.

ID.—CONSTITUTIONALITY OF LAW—INTENT.—The Act of March 10, 1910, is not
unconstitutional, for the authority of the Legislature to do away with proof
of intent or mens rea is clear.

ID.—GOVERNMENT EXPERT—PRESUMPTION.—The law does not make the report of
the Government expert an irrebuttable presumption of adulteration or dilu-
tion. It is a mode of proof which the defendant may refute by countervail-
ing evidence.

The facts are stated in the opinion.
Mr. Eugenio Benítez Castaño for the appellant.
Mr. Salvador Mestre, fiscal, for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The proof in this case showed that the milk alleged to be
diluted measured substantially up to the standard established
by the authorities, but nevertheless the expert proof, believed
by the court, tended to show that the said milk had been
diluted which with a sale, offer for sale or the like, is the of-
fence denounced by the law of March 10, 1910, Session Laws,
page 163. After defining the offence that law says:

"The adulteration or dilution of milk may be proved in the usual
manner provided by law for the trial of criminal cases, but in any
event milk shall be deemed and held to be adulterated or diluted when
the same does not conform to the standard that shall be prescribed

by the competent authorities; *Provided,* That the standard of milk shall be fixed by the Director of Health, Charities and Correction, and published for general knowledge in the *Official Gazette* and in the newspapers having the largest circulation in the Island, which shall be determined by the said official.''

Hence, under the numerous decisions of this court the knowledge or intention or the source of the milk makes no difference if the defendant is selling or offering for sale or permitting the sale of diluted milk. It is an offence to sell milk that is diluted, even if the resultant mixture exceeds the standard. The standard is a measure below which the milk must not fall, but adulteration or dilution is punished absolutely.

The appellant says the law is unconstitutional. Implicitly, this court decided that question when in both the concurring and dissenting opinions we reviewed the authorities in the case of *People* v. *Ferraris,* 15 P. R. R. 793. The authority of the legislature to do away with proof of intent or *mens rea* is clear. It is made the duty of milk dealers not to sell adulterated or diluted milk.

More particularly, we cannot agree with the appellant that the law makes the report of the government expert the irrebutable presumption of adulteration or dilution. It is a mode of proof, just as the direct proof of pouring water into the milk would be, but the defendant may still offer countervailing proof. For example, if the government expert said the milk was diluted the defendant might produce another expert to show that it was not so, or otherwise discredit the knowledge or credibility of the government expert. Or the defendant might show by his witnesses that no one in whose possession the milk had been had diluted it. If there were witnesses who swore the milk had not been diluted the court would be bound to resolve the conflict as in any other case.

In this case we do not have to discuss the power of the legislature to delegate the right to fix the standard, inasmuch

as the proof tended to show a dilution of milk independently of the standard.

The judgment must be

*Affirmed.*

Justices del Toro and Hutchison concurred.
Chief Justice Hernández and Justice Aldrey absent.